| | | |
|---|---|---|
| KATZ, ABOSCH, WINDESHEIM, GERSHMAN & FREEDMAN, P.A., et al. | * * * | IN THE SUPREME COURT OF MARYLAND |
| v. | * | No. 30 |
| PARKWAY NEUROSCIENCE AND SPINE INSTITUTE, LLC | * * | September Term, 2022 |
| | * | |

ORDER

WHEREAS, in an Opinion issued on August 30, 2023, joined by five Justices, the Supreme Court of Maryland held that "[t]he trial court, in its gatekeeping role under [*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Rochkind v. Stevenson*, 471 Md. 1 (2020)], acted within its discretion in analyzing the data and other inputs and assumptions that implicated the reliability of [Respondent's proposed expert witness Meghan] Cardell's methodology" but that "the court improperly considered Ms. Cardell's June 2021 normalizing adjustments relating to trauma/on-call payments as reflecting on the reliability of Ms. Cardell's methodology";

WHEREAS, the Court determined, in light of its holdings, that "the fair and prudent course of action" was "to order a limited remand to the circuit court under Maryland Rule 8-604(d)(1) so that the trial court may decide to admit or exclude Ms. Cardell's testimony without consideration of her June 2021 normalizing adjustments as reflecting on the reliability of Ms. Cardell's methodology";

WHEREAS, the Court directed that, on remand, "[t]he trial court may make that decision based on the existing record or, in its discretion, may allow further examination

of Ms. Cardell and/or other witnesses before issuing a new ruling[,]" and further directed that, "[i]n the trial court's discretion, it also may permit the parties to submit additional written and oral arguments prior to issuing its ruling";

WHEREAS, the Court further directed that "[t]he trial court should provide a written explanation of its decision";

WHEREAS, the Court further stated: "We shall retain jurisdiction over this case" and that, "[a]fter the trial court issues its decision on remand, we shall issue an appropriate Order";

WHEREAS, the mandate issued by Court stated: "JUDGMENT OF THE APPELLATE COURT OF MARYLAND VACATED; CASE REMANDED TO THAT COURT WITH THE DIRECTION TO REMAND THE CASE TO THE CIRCUIT COURT FOR HOWARD COUNTY, WITHOUT AFFIRMING OR REVERSING THE JUDGMENT OF THE CIRCUIT COURT, FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO ABIDE.";

WHEREAS, after the case was remanded to the Circuit Court for Howard County, the Honorable Richard S. Bernhardt, who had initially excluded Ms. Cardell's testimony, conducted further proceedings, as directed by the Supreme Court of Maryland;

WHERAS, Judge Bernhardt on remand permitted the parties to submit additional written and oral arguments, and the parties provided Judge Bernhardt with such additional written and oral arguments in support of their positions;

WHEREAS, on June 18, 2024, Judge Bernhardt issued a Memorandum Opinion in which he stated, among other things: "This Court has reviewed the transcript of the hearing

2

on June 30, 2021, and considered the written and oral supplementation by the Plaintiffs and the Defendants. The Court has carefully removed from any consideration Ms. Cardell's June 2021 normalization. This Court still views Ms. Cardell's testimony as speculative and containing unreliable and *ipse dixit* 'judgment calls'.";

WHEREAS, in his Memorandum Opinion, Judge Bernhardt further stated that "the Plaintiff has not produced sufficient evidence that the before-and-after methodology as applied by Ms. Cardell to a mixed medical practice limited liability company with a small number of revenue generators, as is the case here, is reliable" and further stated: "Therefore, for the reasons stated above this Court excludes [Ms.] Cardell as an expert witness for the Plaintiff.";

WHEREAS, in a separate Order signed by Judge Bernhardt on June 18, 2024, Judge Bernhardt stated:

> The above captioned matter was before this Court on remand from the Supreme Court of Maryland. For the reasons stated in this Court's Memorandum Opinion issued June 18, 2024, and this Court's conclusion that its decision announced on June 30, 2021 shall not change after consideration of the evidence and issues as directed by the Supreme Court of Maryland, it is this 18" day of June, 2024
>
> ORDERED, that Plaintiffs' proposed expert witness, Meghan Cardell, is excluded.

WHEREAS, on July 17, 2024, Petitioners and Respondent filed a Joint Motion to Supplement Record (with Report on Parties' Positions on Further Proceedings);

WHEREAS, on August 1, 2024, the Court granted the parties' joint motion to supplement the record; and

3

WHEREAS, the Court has considered the parties' positions on further proceedings as set forth in their July 17 report, it is this 13th day of August, 2024,

ORDERED, by the Supreme Court of Maryland, a majority of the Court concurring, that:

1. This case shall be remanded to the Appellate Court of Maryland with instruction to affirm the judgment of the Circuit Court of Howard County in favor of Petitioners;

2. Costs in the Supreme Court of Maryland and the Appellate Court of Maryland shall be paid by Respondent; and

3. The Mandate shall issue forthwith.



/s/ Matthew J. Fader
Chief Justice

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk